# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| United States of America<br>v.<br>Hieu Tran Trung<br>a/k/a Hieu Trung Tran<br>*Defendant(s)* | ) ) ) ) ) ) ) Case No.<br><br>**5 - 2 0 M J - 0 0 9 2** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 7, 2020__ in the county of __Lubbock__ in the __Northern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Sections 922(g)(1), 924(a)(2) | Convicted Felon in Possession of a Firearm |

This criminal complaint is based on these facts:
See attached affidavit

✔ Continued on the attached sheet.

_____
AUSA

_____
Complainant's signature

Jaclyn Yandell, ATF Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of FED. R. CRIM. P. 4.1 by telephone this 7th day of August, 2020.

Date: 8/7/20

City and state: Lubbock, Texas

_____
Judge's signature

D. Gordon Bryant, Jr., U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

### Affiant's Background and Experience

Affiant is employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and has been since July 2015. Throughout my tenure with ATF, I have participated in a variety of investigations. I have prepared numerous search warrants and complaints. I have received training in federal laws and regulations at the Federal Law Enforcement Criminal Investigator Training Program, as well as the ATF Special Agent Basic Training Academy. I have attended training in the interstate nexus of firearms and am a firearms interstate nexus expert. I regularly refer to state and federal laws and regulations during the course of my duties. Before becoming a ATF Special Agent, I was employed with the Federal Air Marshal Service from 2010 to 2015. I have received a Bachelor of Science in Criminal Justice from the University of North Texas.

The information contained in this affidavit is based upon my personal experience and information relayed to me by other law enforcement officers involved in this investigation. Because this affidavit is submitted for the limited purpose of establishing probable cause to believe a crime has been committed and that the defendant committed it, I have not included each and every fact known to me in this affidavit.

### Title 18, United States Code, Sections 922(g)(1) and 924(a)(2)

As a result of my training and experience, I am familiar with federal firearms laws, including 18 U.S.C. §§ 922(g)(1), 924(a)(2), which makes it unlawful for a convicted felon to possess a firearm. There are four elements to this offense: (1) that the defendant

1

knowingly possessed a firearm or ammunition as charged; (2) that before the defendant possessed the firearm or ammunition, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; (3) that the defendant knew the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and (4) that the firearm or ammunition possessed traveled in or affected interstate or foreign commerce; that is, before the defendant possessed the firearm, it had traveled at some time from one state to another or between any part of the United States and any other country.

**Facts Establishing Probable Cause**

In late July of 2020, the Federal Bureau of Investigation (FBI) received a complaint regarding Hieu Tran Trung, also known as Hieu Trung Tran. On August 4, 2020, FBI special agents of interviewed the complainant (hereinafter referred to as cooperating individual (CI)) regarding Trung. The CI stated the following.

Approximately three months ago, the CI met Trung at his place of employment. The CI and Trung had some mutual friends through a church in Lubbock. The CI was looking at this church and Trung attended the church.

Over time, Trung and the CI began to communicate more frequently. They spoke on the phone and also text messaged each other multiple times a week. As the CI and Trung began to communicate initially, it was mostly about the church. But then Trung began to make statements to the CI that made the CI concerned. In approximately early May 2020, Trung sent the CI a photograph of two firearms on a bed. The CI provided law enforcement with a screen shot of the photograph:

2



On May 31, 2020, the CI told Trung that the CI was at a gun range and was thinking of purchasing an AR-15. On June 1, 2020, Trung texted the CI and told the CI "just wanted to see if you can get me one of them straps." Based upon my training, education, and experience, "straps" refers to a firearm and comes from the slang word "strapped", which refers to someone who is carrying a firearm. The CI told Trung the CI would not purchase a firearm for him.

Later, on July 7, 2020, Trung sent the CI a photo of himself carrying two firearms:

3



The CI continued to communicate with Trung. A few days before July 25, 2020, Trung told the CI that he did not feel like people were taking him seriously. During a phone conversation, Trung told the CI that he was going to "show who he can be." Trung also told the CI that he would "spray up" random people, and even "spray up" the church/school that he and the CI attended. On July 25, 2020, Trung sent the CI a photograph of a large ammount of ammunition.



4

After receiving this photograph, the CI became concerned for the CI's safety and the safety of the public. This was when the CI notified the FBI. Around this time, Trung also told the CI that he could kill someone and then easily skip town.

On August 5, 2020, your affiant contacted Special Agent Tim Raymond, Homeland Security Investigations (HSI). SA Raymond determined that Trung is not a United States citizen, but is a citizen of North Vietnam. He is in the United States as a "refugee." As such, SA Raymond indicated that Trung is a prohibited person and is not allowed to possess firearms in the United States.

On December 22, 2000, in case number 1:00-CR-059-C, in the United States District Court for the Northern District of Texas, Abilene Division, Hieu Tran Trung was sentenced to 96 months imprisonment for being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). According to offense reports from that case, Trung and others went to Stamford, Texas, to purchase firearms from an individual. The individual took Trung and his friends to a rural area to shoot the firearms. Upon returning to Stamford, Trung pointed a 6.35 caliber pistol at the individual and forced him out of the car. Trung then took an SKS 7.62x39mm rifle and a 12 gauge shotgun that belonged to the individual and drove off.

On September 4, 1998, in case number F-98-0487-A, in the 16th Judicial District Court of Denton County, Texas, Trung was convicted of Assault on a Public Servant and sentenced to two years imprisonment. According to the indictment in that case, Trung "struck and stomped" a detention officer in retaliation for the officer's performance and exercise of official duties.

5

On August 6, 2020, the FBI obtained a federal search warrant for Trung's residence at 5525 4th Street, Apartment 98, Lubbock, Texas. On August 7, 2020, law enforcement executed that search warrant.

Inside a briefcase in the residence, law enforcement located a Hi-Point, Model C9, 9mm caliber semiautomatic pistol bearing serial number P1379877. This firearm was loaded with one round in the chamber and nine rounds in the magazine. There were two additional loaded magazines found in a shoulder holster in the briefcase. Also in the briefcase was immigration paperwork in Trang's name and more of Trang's letters and personal effects. The pistol and shoulder holster was consistent with the pistol and shoulder holster depicted in the photographs provided by the CI. The firearm that appeared to be an AK-style rifle was, in fact, an Airsoft gun. I have examined the Hi-Point and determined that it meets the federal definition of a "firearm" under Title 18, United States Code, Section 921(a)(3).

According to my research, Hi-Point firearms are manufactured in Ohio. Because this firearm was not manufactured in the State of Texas, it must have traveled in or affected interstate or foreign commerce; that is, before Trung possessed the firearm, it had traveled at some time from one state to another or between any part of the United States and any other country.

6

Based on my training, education, and experience, and the information provided to me, I believe that Hieu Tran Trung violated Title 18, United State Code, Sections 922(g)(1) and 924(a)(2), by being a convicted felon in possession of a firearm.

Special Agent Jaclyn Yandell
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this 7th day of August 2020.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE